**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| **CARL L. HARDEN, individually and in his capacity as President of the H Group Corporation,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs** | ) ) | |
| **ROBERT W. MAXWELL, CARL J. GIFFIN, JR., BILL LUCKETT, individually and in their capacities as attorneys for Tom M. Vanderford, Jr., Hyundai Motor America, and Hyundai Motor Company, TOM M. VANDERFORD, JR., individually and in his capacity as Executive Director of Litigation for Hyundai Motor America, HYUNDAI MOTOR AMERICA, HYUNDAI MOTOR COMPANY, and OTHER UNIDENTIFIED PLAINTIFFS** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Civil Action No. 4:15-cv-167** |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF HYUNDAI DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Robert W. Maxwell, Carl J. Giffin, Jr., Thomas N. Vanderford, Jr., Hyundai Motor America, and Hyundai Motor Company (collectively the "Hyundai Defendants") submit this memorandum of law in support of their motion for judgment on the pleadings.  Plaintiff Carl L. Harden's complaint should be dismissed because Plaintiff's claims are predicated entirely on statements allegedly made by attorneys in the course of a judicial proceeding.  Those statements are absolutely privileged and may not serve as the basis for civil tort liability.

## BACKGROUND AND FACTUAL ALLEGATIONS

Plaintiff Carl L. Harden filed this suit on November 6, 2015 in the Circuit Court of Bolivar County, Mississippi. *See* Exhibit A (Plaintiff's Complaint). The Hyundai Defendants timely removed Plaintiff's suit to this Court on November 17, 2015. Doc. 1 (Notice of Removal).[1]

Plaintiff alleges that the Hyundai Defendants made defamatory statements about him in the course of a civil action styled *Joyce D. Hutton v. Hyundai Motor America, et al.*, Cause No. 2006-0053, which was tried by the Circuit Court of Bolivar County, Mississippi in 2014 (the "*Hutton* Lawsuit"). Exhibit A (Compl. at ¶¶ 18-26). According to the complaint, Plaintiff—an independent contractor who provides "litigation support services"—was engaged by and assisting attorneys representing Joyce D. Hutton in the *Hutton* Lawsuit when the Hyundai Defendants made the allegedly defamatory statements. *Id.* at ¶¶ 16-19. The Hyundai Defendants are all either parties to the *Hutton* Lawsuit or attorneys representing parties in the *Hutton* Lawsuit:

- Hyundai Motor Company and Hyundai Motor America are the named defendants in the *Hutton* Lawsuit;

- Thomas N. Vanderford, Jr. is an in-house attorney for and representative of the Hyundai corporate defendants; and

- Bill Luckett, Robert Maxwell, and Carl Giffin are private attorneys representing the corporate defendants in the *Hutton* Lawsuit.

*Id.* at ¶¶ 6-11; *see also* Doc. 3 (Answer at ¶¶ 6-11).

Plaintiff alleges that these defendants made defamatory statements on two occasions during the course of the *Hutton* Lawsuit. *First*, Plaintiff complains that Defendants Maxwell, Vanderford, and Luckett made defamatory statements on October 6, 2014, during an in-chambers conference with the presiding judge in the *Hutton* Lawsuit. *Id.* at ¶ 20; *see also* Doc. 3 (Answer at ¶ 20).

---

[1] The Plaintiff emailed a copy of the complaint to the Hyundai Defendants on November 6, 2015. *See* Doc. 1-2. The Hyundai Defendants voluntarily appeared and removed the case to this Court. Doc. 1.

Other than counsel for the parties, Circuit Judge Johnnie Walls, Jr. and his staff attorney were present when the statements were made. *Id.* at ¶ 21.

Specifically, Plaintiff alleges that, while in chambers, attorney Bill Luckett made the following statement to Judge Walls:

> We hired him [Plaintiff, Carl L. Harden] to work for Hyundai as an investigator in this case… Mr. Harden had, in effect, wanted to extort a lot of money, $20,000 I understand, to continue with his investigative work… I don't know… what he is even doing here having worked at one time for Hyundai [on this case] and now apparently helping the Plaintiff.

Exhibit A (Compl. at ¶ 22). Plaintiff also alleges that, during the same in-chambers conference, attorney Robert Maxwell made the following statement to Judge Walls:

> If Mr. Chapman is under the impression that Mr. Harden wasn't employed by us I this case, it is wrong, and we have payments to him for investigative work. And perhaps he didn't tell Mr. Chapman that.

*Id.* at ¶ 23.[2] The Hyundai Defendants requested that the audio recordings from the in-chambers conference be transcribed and made part of the record in the *Hutton* Lawsuit. *Id.* at ¶ 24.

*Second*, Plaintiff complains that he was defamed by the following statement in Hyundai's post-trial motion for judgment notwithstanding the verdict in the *Hutton* Lawsuit (the "Hyundai JNOV Motion"): "[J]ury consultant and investigator, Carl Harden, who had a conflict of interest because of previous work for Hyundai in connection with this same case." *Id.* at ¶ 26. The full paragraph of which that statement is part reads as follows:

> 36. **Conflict of Interest.** Plaintiffs were improperly permitted to rely upon the assistance of a jury consultant and investigator, Carl Harden, who had a conflict of interest because of previous work for Hyundai in connection with this same case and other ongoing similar litigation in Mississippi. Plaintiffs' counsel should have been disqualified from the case. Mr. Harden should have been ordered not to assist plaintiffs' counsel during the trial. Hyundai's motion to disqualify plaintiffs' counsel and exclude Harden was improperly denied.

---

[2] Ralph Chapman, referenced in the statement, is an attorney for Plaintiff Joyce D. Hutton in the *Hutton* Lawsuit. *See* Doc. 1-3 (Transcript of Proceedings in the *Hutton* Lawsuit).

Exhibit B (Hyundai's Mtn. for JNOV, for New Trial, or to Alter or Amend the Judgment in the *Hutton* Lawsuit at ¶ 36).[3]

Plaintiff alleges that, as a result of these statements to Judge Walls, he suffered severe emotional damages (*id.* at ¶ 27), that his trustworthiness and character were negatively impacted (*id.* at ¶ 29), that he has been subjected to distrust, ridicule, contempt, and disgrace (*id.*), and that his reputation has been injured (*id.*). Plaintiff seeks a declaratory judgment that such statements were defamatory and made with the intent to cause him to suffer emotional distress or that such statements amount to negligence. *Id.* at p. 7 (Prayer for Relief). Plaintiff also seeks unspecified special damages, punitive damages, and attorneys' fees and costs. *Id.*

The Hyundai Defendants answered Plaintiff's complaint on November 18, 2015. Doc. 3. The Hyundai Defendants now ask the Court to dismiss Plaintiff's complaint in its entirety on the ground that they are protected by the absolute privilege that attaches to allegedly-defamatory statements made in the course of judicial proceedings.

---

[3] As this Court has recognized, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Myers v. GGNSC Holdings, LLC*, 2013 WL 1913557 *1 (N.D. Miss. May 8, 2013) (quoting *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2001)). Plaintiff's complaint refers to the Hyundai JNOV Motion and its contents are central to Plaintiff's claims against the Hyundai Defendants.

## ARGUMENT

The Hyundai Defendants are entitled to judgment on the pleadings because all of the alleged defamatory statements were made in the course of a judicial proceeding, and are thus absolutely privileged and may not form the basis for civil tort liability.[4]

### I.   Legal standard for judgment on the pleadings.

Having answered the complaint, the Hyundai Defendants now seek a judgment on the pleadings.  "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."  *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  The Court should grant a motion for judgment on the pleadings if the plaintiff could not "prevail under any set of facts or any possible theory."  *Nationwide Prop. & Cas. Ins. Co. v. Polk*, 2015 WL 6442290, *3 (S.D. Miss. Oct. 23, 2015) (internal citations omitted).

---

[4] Although the complaint purports to seek a declaration that the Hyundai Defendants' conduct "constitutes negligence," Plaintiff has not pled any facts that would support a negligence claim independent of the defamation claim.  Plaintiff may not avoid the absolute-privilege bar by casting his defamation claim as one for negligence.  When deciding a motion to dismiss, courts do not allow such "clever pleading" tactics to defeat absolute defenses; courts look to the "actual nature or subject matter of the case, rather than to the form in which the action is pleaded."  *Murray v. Moyers*, 2015 WL 5626509, **3-4 (S.D. Ohio Sept. 24, 2015) (refusing to permit plaintiff to plead around statute of limitations for defamation by labeling claim as another tort); *cf. Murray v. Gen'l Motors, L.L.C.*, 478 F. App'x 175, 181-82 (5th Cir. 2012) (rejecting attempt to "disguise a products liability claim as a negligence claim to avoid dismissal" under Mississippi law).

**II.      The Hyundai Defendants are absolutely immune from liability for statements made in the course of judicial proceedings in the Circuit Court of Bolivar County.**

To prevail, Plaintiff must prove the four essential elements of defamation—importantly, including that the alleged statements are not privileged.  Specifically, Plaintiff must prove:

> (1) a false and defamatory statement concerning another; (2) an ***unprivileged*** publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Lehman v. Holleman*, 526 F. App'x 346, 348 (5th Cir. 2013) (citing *Fulton v. Miss. Publishers Corp.*, 498 So. 2d 1215, 1216 (Miss. 1986)) (emphasis added).  Plaintiff cannot prevail in this suit because the Hyundai Defendants are absolutely immune from liability for allegedly defamatory statements made during the course of judicial proceedings.[5]

In Mississippi, as elsewhere, "statements made in connection with judicial proceedings are "absolutely privileged and immune from attack as defamation, even if such statements are made maliciously and with knowledge of their falsehood."  *Lehman*, 526 F. App'x at 348; *accord Franklin Collection Serv., Inc. v. Kyle*, 955 So. 2d 284, 293 (Miss. 2007); *Gunter v. Reeves*, 21 So. 2d 468, 470 (Miss. 1945); *Cent. Healthcare Servs. v. Citizens Bank of Philadelphia*, 12 So. 3d 1159, 1168 (Miss. Ct. App. 2009); *McCorkle v. McCorkle,* 811 So. 2d 258, 266 (Miss. Ct. App. 2001); *see also* Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 6.26 (4th ed. 1996) ("The rule is that any false of defamatory publication made by an attorney is absolutely privileged if made preliminary to, during, or otherwise as part of the judicial proceeding."); Restatement

---

[5] Plaintiff also alleges that several of the Hyundai Defendants violated Rule 3.1, 3.3, and 8.4 of the Mississippi Rules of Professional Conduct. Exhibit A (Compl. at ¶ 28).  To the extent that Plaintiff attempts to state a separate claim for relief based on these allegations, that also claim fails.  It is well-settled that alleged violations of the Mississippi Rules of Professional Conduct cannot support a cause of action. *Pierce v. Cook*, 992 So. 2d 612, 625-26 (Miss. 2008); *see also* Miss. R. Prof. Conduct, Scope ("Violation of a Rule of Professional Conduct does not give rise to a cause of action…"); *Owen v. Pringle*, 621 So. 2d 668, 669 (Miss. 1993) ("the Rules of Conduct are to be used in disciplinary proceedings and the sanctions are to be determined and imposed by the governing body of all lawyers . . . and not a jury").

(Second) Torts § 586 (1977) ("An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications . . . during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.").

The privilege extends to "any person involved in the proceedings," so that parties, witnesses, attorneys, and judges are all "accorded absolute immunity so long as the statements made or documents filed are reasonably related to the judicial inquiry." *Franklin Collection Service*, 955 So. 2d at 293; *accord Netterville v. Lear Siegler, Inc.*, 397 So. 2d 1109, 1112-13 (Miss. 1981). And courts apply a "liberal rule" as "to the determination of the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged." *Lehman*, 526 F. App'x at 348 (quoting *Hardtner v. Solloum*, 114 So. 621, 624 (Miss. 1927)). "The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety." *Id.*

This broad privilege is well-established and universally recognized. It has been enforced by Mississippi courts for more than 150 years, since the Mississippi High Court of Errors and Appeals announced in 1854 that "[i]n all judicial proceedings . . . the parties are permitted to speak freely; and if they should ever make use of harsh expressions, they will not be liable to an action although the same words spoken on another occasion would be actionable." *Lewis v. Black*, 27 Miss. 425, 435 (1854) (citations omitted). Indeed, the privilege is of such long standing that it "has been deemed as old as the law itself." *Simms v. Seaman*, 69 A.3d 880, 885 (Conn. 2013) (discussion origins and history of privilege); *see generally* T. Leigh Anenson, *Absolute Immunity from Civil Liability: Lessons for Litigation Lawyers*, 31 Pepp. L. Rev. 915 (2004). The privilege protects a client's right to zealous advocacy by his attorney (who is not hobbled by fear of reprisal

by parties, witnesses, and others), and thereby serves a critical function in the American adversarial system of civil justice. *Simms*, 69 A.3d at 887.

Because the Hyundai Defendants are protected by this absolute privilege for statements that they allegedly made in the course of judicial proceedings, Plaintiff's claims should be dismissed. According to Plaintiff's allegations, all of the challenged statements were made either (1) by Hyundai's attorneys to the presiding judge during official proceedings in the *Hutton* Lawsuit or (2) by Hyundai's attorneys in a post-trial motion filed in the *Hutton* Lawsuit. There is no dispute that the statements were made in the course of judicial proceedings.

Further, and again relying solely on Plaintiff's allegations, there is no dispute that the allegedly defamatory statements were reasonably related to judicial proceedings in the *Hutton* Lawsuit. The statements all relate to the conflict of interest created by Mr. Harden providing litigation support services for opposing parties in the same litigation matter—first for the defendants, Hyundai Motor America and Hyundai Motor Company, and later for the plaintiff, Joyce D. Hutton. The Hyundai Defendants' statements were made for the purposes of (1) advising the presiding judge in the *Hutton* Lawsuit that Mr. Harden's provision of litigation support to the plaintiffs created a prejudicial conflict of interest, and (2) requesting a legal remedy for the harm caused by this conflict of interest. Those arguments were necessary to preserve Hyundai's rights to a fair trial, and they fall squarely within the protections afforded by Mississippi's liberal rule of absolute privilege. *See Lehman*, 526 F. App'x at 348; *Hardtner*, 114 So. at 624.

The Hyundai Defendants are immune from liability for the statements alleged by Plaintiff, all of which were made by attorneys in the course of judicial proceedings.

**CONCLUSION**

Plaintiff's complaint must be dismissed because his claims rest entirely on statements made by attorneys in a judicial proceeding. Such statements are absolutely privileged and immunized from tort liability. For these reasons, the Hyundai Defendants respectfully request the Court dismiss Plaintiff's complaint with prejudice.

RESPECTFULLY SUBMITTED, this the 25th day of November, 2015.

<div style="margin-left:auto">

*/s Michael J. Bentley*
Michael J. Bentley (MBN 102631)
mbentley@babc.com
Erin D. Saltaformaggio (MBN 103999)
esaltaformaggio@babc.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

*Attorneys for Defendants*
*Robert W. Maxwell, Carl J. Giffin, Jr.,*
*Thomas N. Vanderford, Jr., Hyundai Motor*
*America, and Hyundai Motor Company*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date caused to be served a true and correct copy of the above and foregoing by sending it via United States Mail and electronic mail to the following:

> Carl L. Harden
> P. O. Box 40213
> Memphis, TN 38174
> his01@bellsouth.net

This the 25th day of November, 2015.

<div align="right">

*/s Michael J. Bentley*
OF COUNSEL

</div>