IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARL L. HARDEN                                                                                          PLAINTIFF

V.                                                                                              NO. 4:15CV167-M-V

ROBERT W. MAXWELL, CARL J. GIFFIN,
BILL LUCKETT, individually and in their capacities
as attorneys for Tom M. Vanderford, Jr., Hyundai
Motor Company, TOM M. VANDERFORD,JR.,
Individually and in his capacity as Executive
Director of Litigation for Hyundai Motor America,
HYUNDAI MOTOR AMERICA, HYUNDAI
MOTOR COMPANY, and OTHER
UNIDENTIFIED PLAINTIFFS [SIC]                                                    DEFENDANTS

## ORDER

This cause comes before the court on its own motion, addressing certain issues which have arisen following the withdrawal of most of plaintiff's counsel from this case.

This is a defamation action which plaintiff Carl L. Harden originally filed in the Circuit Court of Bolivar County. In his complaint, plaintiff alleged, *inter alia*, that the defendant attorneys defamed him during comments made before a judge during an in chambers conference which was held in the course of a lawsuit filed against Hyundai Motor Company. *See Joyce D. Hutton v. Hyundai Motor America, et al.*, Cause No. 2006- 0053 (Bolivar County Circuit Court 2014). After removing this case to this court, defendants filed a motion to dismiss, in which they assert that plaintiff's claims are barred by the "absolute privilege that attaches to allegedly-defamatory statements made in the course of judicial proceedings." [Brief at 4].

The Fifth Circuit has observed that "Mississippi courts consider statements made in

1

connection with judicial proceedings, 'if in any way relevant to the subject matter of the action,' as 'absolutely privileged and immune from attack as defamation, even if such statements are made maliciously and with knowledge of their falsehood.'" *Lehman v. Holleman*, 526 F. App'x 346, 348 (5th Cir. 2013), *citing McCorkle v. McCorkle*, 811 So.2d 258, 266 (Miss. Ct. App. 2001). In their motion to dismiss, defendants argue that this authority is fatal to plaintiff's claims, since, they contend, he bases his lawsuit entirely upon statements which were made by the defendant attorneys "in connection with judicial proceedings," namely the *Hutton* lawsuit. As argued by defendants in their brief:

> Plaintiff alleges that these defendants made defamatory statements on two occasions during the course of the *Hutton* Lawsuit. *First*, Plaintiff complains that Defendants Maxwell, Vanderford, and Luckett made defamatory statements on October 6, 2014, during an in-chambers conference with the presiding judge in the *Hutton* Lawsuit. . . . *Second*, Plaintiff complains that he was defamed by [a] statement in Hyundai's post-trial motion for judgment notwithstanding the verdict in the *Hutton* Lawsuit.

[Defendants' brief at 2-3]. While defendants' arguments appear to have considerable force, they are not properly before the court at this time, since the litigation of the merits of this case has been stayed pending the resolution of jurisdictional issues. This is because plaintiff has filed a motion to remand, in which he alleges that diversity jurisdiction is lacking, inasmuch as, he contends, both he and defendant Luckett are domiciled in Mississippi.

In response to the motion to remand, defendants sought, and were granted, remand-related discovery regarding the issue of whether plaintiff, is, in fact, a Mississippi domiciliary. Following discovery, defendants submitted a response to the motion to remand in which they argue that discovery conclusively established that plaintiff has never been domiciled in Mississippi during the periods relevant to this action. Much like their arguments on the merits of

2

this case, defendants' arguments on the remand issue strike this court as being strong ones. This court's consideration of the motion to remand has been hampered, however, by the fact that the individuals listed on the docket as plaintiff's counsel all attempted to withdraw from this lawsuit shortly after defendants' response to the motion to remand was filed.

In their motion to withdraw, which was granted by Magistrate Judge Virden, "the law firm of Sweet & Associates, including any attorney currently employed by it" noted that mutual recriminations of dishonesty had been made between their firm and plaintiff, making their continued representation of him untenable. That left attorney Terris Harris as the sole individual listed as counsel for plaintiff on the docket, since he is no longer employed by Sweet & Associates and thus not subject to Judge Virden's order. This court, through its staff, e-mailed Mr. Harris to inquire regarding the status of his representation of plaintiff. Harris responded with an e-mail stating that "[i]t is not possible for me, either ethically or professionally, to assist the Plaintiff in this case. Even if I could, my current employment situation would not allow such representation." While this court regards Harris's e-mail as a reliable indication regarding his preferences and beliefs, it concludes, after consulting with Judge Virden, that it is insufficient to remove him as an attorney from this case. Judge Virden has scheduled a September 14, 2016 telephonic conference so that the status of plaintiff's representation may be clarified, and this strikes this court as being a good idea.

This court notes, however, that it has never received a reply from plaintiff to defendant's response to the motion to remand, and it is unclear whether plaintiff still maintains that this court lacks jurisdiction over this case. Moreover, this court has no response from plaintiff to the motion to dismiss, due partly to the stay which has been entered. It is thus unclear to this court

3

whether plaintiff has any authority casting doubt upon what appears to be a rather compelling motion to dismiss. Indeed, it is not even clear to this court that plaintiff intends to prosecute this lawsuit himself, now that his counsel have all sought to leave it.

This court has an independent duty to resolve jurisdictional issues, and it makes a preliminary finding, for essentially the reasons stated in defendants' response to the motion to remand, that plaintiff is not a domiciliary of Mississippi for the purposes of diversity jurisdiction. In their response, defendants write that:

> Discovery . . . has confirmed beyond doubt that Harden is not a citizen of Mississippi. He has not lived in Mississippi since July 2013, when he married his second wife, Lena Moore Harden, and returned to his home state of Arkansas. Since reestablishing his domicile in Arkansas, and since separating from Lena, Harden has recently begun leasing an apartment in Tennessee—which appears to be his only fixed residence today. So Harden is domiciled either in Arkansas, as he testified in late 2014, or in Tennessee—but he is most assuredly ***not*** domiciled in Mississippi. The Court should deny Harden's motion to remand and proceed to the merits.

Although this court has no post-discovery arguments from plaintiff on this issue, defendants' arguments strike it as being sound.

It thus appears that diversity jurisdiction exists in this case, and if this court were forced to make a formal ruling on the motion to remand at this time, it would deny that motion. This court recognizes, however, that plaintiff's ability to file a reply to defendants' response to his motion to remand has been severely hampered by the (actual or attempted) withdrawal of his counsel. Given these uncertainties, the court concludes that the proper course of action is to dismiss the pending motions without prejudice to refiling, once the status of plaintiff's representation (including whether he intends to prosecute this case himself) has been clarified. If plaintiff still maintains, after the discovery which has been conducted, that he is a domiciliary of

4

Mississippi, then he may re-file a motion to remand so stating.  Defendants may likewise re-file their motion to dismiss, and it will, of course, be incumbent upon plaintiff to respond to that motion if he does not wish to see it granted.  For the time being, however, this court concludes that the proper course of action is to dismiss the pending motions without prejudice to re-filing, once the status of plaintiff's representation in this lawsuit has been clarified.

It is therefore ordered that the pending motions to dismiss [6-1] and to remand [9-1] are dismissed without prejudice to re-filing at a later date.

So ordered, this, the 12th day of September, 2016

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**